2003Mazda.COM

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL CASE NO. 07-00022 |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT OF FORFEITURE** |
| ONE 2003 MAZDA PROTÉGÉ AUTOMOBILE, VIN JM1BJ245X31205914, | |
| Defendant. | |

COMES NOW the plaintiff United States of America, by and through its attorneys, Leonardo M. Rapadas, United States Attorney, and Karon V. Johnson, Assistant United States Attorney, and respectfully states as follows:

1. This is a civil action <u>in</u> <u>rem</u> brought to enforce the provision of Title18, United States Code, § 981(a)(1)(B)(i), Title 21, United States Code, § 841(a)(1), and Title 21, United States Code, § 853(a)(2) for the forfeiture of a automobile which was used to commit and facilitate the commission of the crime of distribution of a controlled substance

2. This court has jurisdiction over this matter by virtue of Title 28, United States Code, §§ 1345 and 1355.

-1-

3. The defendant is ONE 2003 MAZDA PROTÉGÉ AUTOMOBILE, VIN JM1BJ245X31205914,

4. The defendant ONE 2003 MAZDA PROTÉGÉ AUTOMOBILE, VIN JM1BJ245X31205914, is within the jurisdiction of this Court.

5. The facts and circumstances supporting the seizure and forfeiture of the defendant automobile are contained in the Declaration of Drug Enforcement Administration Special Agent Michelle Jong, attached hereto and incorporated herein as Exhibit A.

6. The defendant, ONE 2003 MAZDA PROTÉGÉ AUTOMOBILE, VIN JM1BJ245X31205914, was used to facilitate a violation of Title 21, United States Code, § 841(a)(1), distribution of a controlled substance, and is therefore subject to forfeiture to the United States of America pursuant to Title 18, United States Code, § § 981(a)(1)(B)(i), Title 21, United States Code, § 841(a)(1), and Title 21, United States Code, § 853(a)(2).

**WHEREFORE**, the United States of America prays that process of warrant in rem issue for the arrest of the defendant ONE 2003 MAZDA PROTÉGÉ AUTOMOBILE, VIN JM1BJ245X31205914, that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant ONE 2003 MAZDA PROTÉGÉ AUTOMOBILE, VIN JM1BJ245X31205914, be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED this __6__ day of August, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
KARON V. JOHNSON
Assistant U.S. Attorney

-2-

# DECLARATION
(Exhibit A)

I, MICHELLE JONG, being first duly sworn, do depose and say:

1. That I am a Special Agent employed with the Drug Enforcement Administration and make this affidavit in the course of my official duties;

2. That I have reviewed the police reports filed by the Guam Police Department, case number 07-16243, and make this affidavit based upon the contents of those reports;

3. That on August 29, 2006, an informant working with the Violent Street Crimes Unit of the Guam Police Department (GPD) made a controlled buy of methamphetamine hydrochloride (ice) from Darrell S.C. Stewart. This controlled buy was preceded by consensually recorded telephone calls, and was observed to occur in the parking lot of the East West Business Center in Upper Tumon by GPD officers M.C. Perkins and M.L. Elliott, among others.

4. According to the reports written by Officers Elliott, M.C. Perkins and C.J.Nesmith, defendant Stewart arrived at the East West Business Center parking lot driving a silver 2003 Mazda Protégé, license MNG 5502. The informant had been given $200 in buy money. The informant subsequently told the officers that he purchased from Stewart a plastic baggie which was later analyzed and found to contain .3944 grams net weight of methamphetamine. The informant said Stewart got out of his vehicle, the silver 2003 Mazda Protégé, and gave him the baggie while standing on the passenger side of the informant's vehicle. It is apparent, therefore, that the vehicle was used to transport the methamphetamine to the site of the sale.

5. An order under Title 21, United States Code, Section 853(e) may not be sufficient to assure the availability of the property for forfeiture because there is reason to believe that the automobile is in the custody of defendant, who cannot reasonably be relied upon to abide by an order to maintain the vehicle in substantially the same condition as it is in the present time. The value of such vehicles depreciates with time, and is dependent on the physical and mechanical

-3-

1 condition of the vehicle. As well, vehicles are easily hidden on Guam, and can be difficult to
2 locate. The only way to ensure that it does not further depreciate in value is to put it in the
3 custody of the U.S. Marshal's Service.

4     6. On July 24, 2007, Darrell S.V. Stewart appeared before the Honorable Steven S.
5 Unpingco, Judge of the Superior Court of Guam, and pled guilty to Possession of a Schedule II
6 Controlled Substance in connection with the sale of this .3944 grams of methamphetamine
7 hydrochloride, Criminal Case No. CF254-07.

    FURTHER AFFIANT SAYETH NAUGHT.

_____
MICHELLE JONG
Special Agent
Drug Enforcement Administration

SUBSCRIBED AND SWORN to before me this _____ day of August, 2007.

_____
Notary Public

CARMELLETA Q. SAN NICOLAS
Notary Public
In and for Guam, U.S.A.
My Commission Expires: Aug. 15, 2010
Sirena Plaza, Ste. 500,
108 Hernan Cortez Avenue
Hagatna, Guam 96910

-4-